The fact that a person is learned in the laws of a foreign country, founded upon the Civil Code of the Roman empire, is not sufficient to entitle him to admission to the bar of New York.

Application by Lorenzo Giuseppe Maggio for admission as attorney. Application denied.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

PER CURIAM. It appears from the papers presented that Mr. Maggio is a naturalized citizen of the United States, born in Italy, and that for more than three years he was an attorney of the higher courts in that kingdom, practicing his profession at Palermo. He presents the usual and necessary proof of these facts, and of his good

standing at the bar of that country, and also of his good character. In all these technical matters his papers comply with the rule which authorizes this court, in its discretion, to admit to practice at the bar of this state, as attorneys, gentlemen who have practiced their profession for a certain length of time in foreign countries. It has been for nearly a quarter of a century the endeavor to raise the standard of learning required of persons who seek to practice the profession of law in this state. The object of this effort has been not alone to elevate the profession, but quite as much to assure to all who have occasion to consult lawyers that the person who is authorized to hold himself out as an attorney is competent to give advice. Indeed, the latter is, to the great body of the community, the more important of the two objects. The requirement that any one applying to be admitted as an attorney, who has practiced his profession in a foreign country, shall have been at the bar of that country for a certain length of time, is intended to operate in the same direction. When the practitioner comes from a foreign state whose system of law is analogous to our own, we may fairly assume that, after he has resided here long enough to become eligible in other respects to be admitted to our bar, he has an acquaintance with our system of jurisprudence and our laws that will render him a safe counsel to those clients who apply to him. But, as is well known, our system differs greatly from the law which is administered in the country whence this applicant comes. It is quite true that, as to all the rules of law which are based upon the broad principles of natural right and equity, there can be no difference between the laws of any two civilized communities; but the knowledge which is requisite to enable one safely to advise his client requires not only a knowledge of those broad principles of law which are common to all systems, but an intimate acquaintance with the peculiar rules which have grown out of the customs of a particular country, and which have been established by the provisions of its statutes. The foundation of the law of Italy is the Civil Code of the Roman empire, altered by the customs and statutes of the various states now composing that kingdom, and again changed by the statutes of the kingdom itself and by the construction of its courts. The jurisprudence of this state, based, as it is, upon the constitutions of the United States and of this state, interpreted according to the principles of the common law, has in all these respects nothing common to the law of Italy, and one may be a learned counselor in the laws of that country, and still by no means be competent to give intelligent advice to clients whose affairs are to be controlled by the system established in the state of New York. We think, therefore, that it would not be a wise exercise of the discretion which the law has vested in us to assume that this gentleman, however learned he may be in the laws of his own country, is fitted to assume the position of attorney, to give advice to clients upon the laws of this state, and therefore the application must be denied.

Application denied.